EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ENGRACIA PADILLA y BERNARDO PADILLA, acusados y apelantes.

Núm. 6029.—*Sometido:* Noviembre 5, 1936. *Resuelto:* Noviembre 18, 1936.

*Dubón & Ochoteco,* abogados de los apelantes; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La denuncia en este caso leía así:

"Yo, Francisco Miranda García, vecino de Corozal, mayor de edad, formulo denuncia contra Engracia Padilla, Bernardo Padilla, José Santiago y Florentino González por delito de Infracción al Artículo 371 vigente, del Código Penal, cometido de la manera siguiente: Que en 21 de mayo de 1935, y en horas del día, y en el Barrio Palos Blancos del término municipal de Corozal, Puerto Rico, del Distrito Judicial Municipal de Toa Alta, que forma parte a su vez del Distrito Judicial de Bayamón, Puerto Rico, los acusados, Engracia Padilla, Bernardo Padilla, José Santiago y Florentino González, ilegal, voluntaria y maliciosamente y en contra de la voluntad expresa del denunciante, penetraron en su domicilio establecido en una casa ubicada en el Barrio Palos Blancos de Corozal, Puerto Rico, y ya dentro del domicilio del denunciante, dichos acusados por sí y conjuntamente, pero dirigidos por Engracia Padilla, realizaron actos de dominio en dicho domicilio alterándole y lanzándole todo el ajuar de la casa propiedad del referido denunciante, fuera de la misma y a la intemperie, procediendo entonces a destruir la casa referida, como la destruyeron, sin que dichos acusados ni ninguno de ellos fueran funcionarios públicos en el cumplimiento de sus deberes ejecutando alguna orden de desahucio o lanzamiento dictada por una corte de justicia de Puerto Rico con jurisdicción.

"Hecho contrario a la ley."

 Los apelantes fueron convictos en apelación por la Corte de Distrito de Bayamón y señalan tres errores ante este tribunal. El primero de ellos es que la denuncia es insuficiente porque en efecto deja de seguir las palabras del estatuto. La denuncia dice que los apelantes penetraron

en la casa contra la voluntad expresa del denunciante cuando según ellos debió decir contra la voluntad expresada del denunciante.

El artículo 371 del Código Penal en español dispone:

"Toda persona que empleare fuerza o violencia al invadir u ocupar terrenos u otras propiedades públicas o privadas, o que excitare o ayudare a otra persona para que lo haga, salvo en los casos y en la forma prevenida en la ley, incurrirá en pena que no excederá de dos años, ni bajará de seis meses de prisión, o multa no mayor de mil ni menor de quinientos dollars. Toda persona que penetrare en domicilio ajeno, contra la voluntad expresada del morador, salvo también los casos y en la forma permitida por la ley, incurrirá en pena que no bajará de tres meses, ni excederá de seis meses de prisión, o en multa de doscientos a quinientos dollars."

La segunda oración de este artículo, en el idioma inglés, lee así:

"And every person entering in another person's domicile, against the express consent of the tenant, except also in the cases and in the manner provided by law, is punishable by imprisonment not less than three months nor more than six months or fine not less than two hundred dollars nor more than five hundred dollars."

Para los fines de este estatuto no hallamos diferencia alguna entre las palabras *"express"* y *"expressed"* y si se consideran éstas en el idioma castellano la diferencia es quizá aún menor. "Expresa" y "expresada" conllevan la misma idea de una expresión anterior por parte del inquilino de que el ofensor no penetre en la casa.

■ No es necesario usar las palabras exactas del estatuto. *Pueblo* v. *Pagán,* 49 D.P.R. 441. El caso de *El Pueblo* v. *Pérez y Maldonado,* 35 D.P.R. 112, citado por los apelantes, no sostiene nada en contrario.

■ La versión inglesa y la castellana del artículo 371 difieren. El texto castellano dice "contra la voluntad expresada del morador", mientras que la versión inglesa dice *"against the express consent of the tenant."* Éste fué un estatuto aprobado en 1906 y de prevalecer el texto inglés

entonces habría una infracción clara, toda vez que la penetración no tuvo lugar con el consentimiento expreso del inquilino.

 El segundo señalamiento es que no se imputaba delito alguno contra Engracia Padilla. Aquí la teoría es que el único cargo imputado a Engracia Padilla lo fué que dirigía el grupo, mas si se examina la denuncia se verá fácilmente que se hacía la imputación general a todos los acusados de haber penetrado.

El tercer señalamiento no requiere otro comentario que decir que era demasiado general y que no fué discutido por los apelantes.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Señor del Toro no intervino.